## G. W. SWING, et al., v. W. T. HARNADAY, et al.

Middle Section.　July 3, 1925.

Affirmed by Supreme Court January 30, 1926.

**1. Courts.　Jurisdiction of court of appeals.**
Under Acts of 1925, Chap. 100, re-organizing the appellate court system the Court of Appeals does not have jurisdiction of a case arising on demurrer where a review or determination of facts is not involved.

**2. Courts.　Jurisdiction.　Effect of Act of 1925.**
Under Act 1925, Court of Appeals lost jurisdiction of all cases then pending before it and undecided unless it was given jurisdiction of the case by the act.

Appeal from Chancery Court, Bedford County; Hon. T. B. Lytle, Chancellor.

Transferred to Supreme Court.

E. C. Parker, J. D. Murphree, and B. D. Kingree, of Shelbyville, for appellants, Swing, et al.

W. P. Cooper, of Shelbyville, for appellees, Harnaday, et al.

CROWNOVER, J. This suit was appealed to this court last year, but was continued to this term of the court for want of time to work up the record. It was remanded to the docket for trial at this term.

The bill was filed as a bill of review, in which complainants seek to have reviewed the proceedings and final decree of the chancery court of Bedford county, entered October 18, 1918, in the case of May Ola Pinkey, et al. v. John Frank Womack, and to have the court construe a deed executed by S. S. Wallace to May Ola (Wallis) Womack conveying an eighty-four acre tract of land to her during her life and remainder to her children.

In the original cause of Pinkey v. Womack, the bill sought a construction of said deed and the sale of the land conveyed by said deed. All of the parties were before the court. In that proceeding the court construed said deed and ordered the land sold for division among the parties interested. At the sale the complainants G. W. Swing and wife became the purchasers of the said land. The sale was confirmed to them and title divested.

The complainants alleged in the present bill that they were unable to pay the deferred payments and had applied to certain loan companies for a loan, but the loan companies refused because the title to the property was doubtful, hence they have filed this bill

to have the former proceedings reviewed and to have said deed construed, so that they might be able to obtain a loan.

The defendants filed a plea in which they set up the pleadings in the former case, and also filed demurrers to the bill, in which demurrers they set up; first, that there was no error of law in the former decree, and, second, that the bill affirmatively showed on its face that it was not filed within three years from the date of the original decree and was therefore barred by the statute, Shannon's Code, section 4848.

No proof was introduced at the trial in the court below. The chancellor sustained the plea and the demurrers. The complainants excepted and appealed to this court, and have assigned errors.

Under this state of the record this court has no jurisdiction. Under the recent Acts of 1925, Chap. 100, re-organizing the Appellate Courts System, section 10 provides that:

"The jurisdiction of the Court of Appeals shall be appellate only, and shall extend to all cases" (except certain cases therein set out, "and excepting cases which have been finally determined in the lower court on demurrer or other method not involving a review or determination of the facts, or in which all of the facts have been stipulated."

Such excepted cases go to the Supreme Court, and any case removed by mistake to the wrong court shall by such court be transferred to the court having jurisdiction thereof.

Section 17, of said Act also provides:

"All cases in the Court of Civil Appeals on May 1, 1925, that have not been disposed of by that court, and all cases that at that time have been appealed or otherwise removed to that court, but not yet docketed, shall be transferred to and disposed of by the appellate court having jurisdiction thereof, under the provisions of this Act."

Hence, this case having been remanded to the docket for trial and not having been disposed of until after said Act took effect, this court is deprived of the jurisdiction thereof.

An order will be entered transferring the case to the Supreme Court for trial.

Faw, P. J., and DeWitt, J., concur.

(Note. The Supreme Court took jurisdiction and tried the cause on the record, thereby impliedly affirming the foregoing opinion).